IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE BOEING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-03165-GEB-GGH |
| | ) | |
| v. | ) | ORDER TRANSFERRING VENUE |
| | ) | |
| MAZIAR MOVASSAGHI, in his official | ) | |
| capacity as the Acting Director of | ) | |
| the California Department of Toxic | ) | |
| Substances Control, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

        The Court sua sponte required the parties to show cause why this case should not be transferred to the United Stated District Court for the Central District of California, under 28 U.S.C. U.S.C. § 1404.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (stating a court may "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue").  Plaintiff responded arguing venue should not be transferred.  Defendant argues in his response that the Central District of California is a more appropriate forum for this case.

1

**Background**

This case involves Plaintiff The Boeing Company's ("Boeing") challenge to California Senate Bill 990, codified at California Health and Safety Code section 2539.20 ("SB 990"), which "mandates a site-wide cleanup process for [the Santa Susana Field Laboratory ("the Santa Susana")]." (Compl. ¶ 9.)  The Santa Susana is located in the Central District of California.  Boeing alleges that SB 990 "by its terms applies nowhere in California other than the Santa Susana Site." (Id. ¶ 8.)  Boeing seeks a declaration that SB 990 is invalid, both facially and as applied, and "a preliminary and permanent injunction precluding Defendant from enforcing or taking any action against Boeing based on SB 990." (Id. ¶ 11.)

The "Santa Susana occupies approximately 2,850 acres in the Simi Hills in southeastern Ventura County, California." (Id. ¶ 28.)  "Boeing owns 2,398 acres of the site." (Id.)  Legislative findings in SB 990 concerning the Santa Susana state:

> Founded in the late 1940s, the Santa Susana Field Laboratory (SSFL) was a facility dedicated to the development and testing of nuclear reactors, rockets, missiles, and munitions.  The location of SSFL was chosen for its remoteness in order to conduct work that was considered too dangerous to be performed in more densely populated areas.  In subsequent years, however, southern California's population has mushroomed.  Today, more than 150,000 people live within five miles of the facility, and at least half a million people live within 10 miles.

(SB 990 Sec. 2(a).)  The findings further discuss various "accidents" at the Santa Susan Field Laboratory "[t]hroughout the years" including "meltdowns", fires, and "[t]he most famous accident" involving a partial core meltdown which "may have caused hundreds of cancer cases in the Los Angeles area." (SB 990 Sec. 2(b)-(e).)  Plaintiff alleges:

"Today, the only remaining activity [at the research and development center of the Santa Susana site] involves the cleanup of the waste materials associated with the nuclear research and other [Department of Energy]-related programs[.]"  (Compl. ¶ 34.)

**Legal Standard**

28 U.S.C. § 1404(a) prescribes that "a district court may transfer any civil action to any other district or division where it might have been brought," "[f]or the convenience of parties and witnesses, in the interests of justice . . . ."  "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  The parties do not dispute that this action could have originally been brought in the Central District.

When considering whether "to transfer venue under § 1404(a) . . . the court . . . weigh[s] multiple factors in its determination whether transfer is appropriate in a particular case." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  "In rendering this decision, courts consider a range of public and private interest factors, including access to proof, calendar congestion, where the relevant events took place, and whether the action and potential outcomes have a localized impact." Backcountry Against Dumps v. Abbott, 2010 WL 2349194, at *2 (E.D. Cal. 2010).  "No single factor is dispositive, and a district court has broad discretion to adjudicate [transfers of venue] on a case-by-case basis." Ctr. For Biological Diversity v. Kempthorne, 2008 WL 4543043, at *2 (N.D. Cal. 2008).
//
//

**Analysis**

1 
2         The essence of Boeing's arguments against transfer is that
3 since this case "presents purely legal questions," those questions
4 should be decided in the forum it selected.  (Plt.'s Response 6:9-11.)
5 If the action just presents purely legal questions, the transfer
6 decision at issue is informed "by weighing plaintiff's choice of forum
7 against the competing interest in 'having localized controversies
8 decided at home.'"  <u>Ctr. for Biological Diversity & Pac. Env't v.</u>
9 <u>Kempthorne</u>, 2007 WL 2023515, at *5 (N.D. Cal. 2007); <u>see also</u> <u>Rabbi</u>
10 <u>Jacob Joseph School v. Province of Mendoza</u>, 342 F. Supp. 2d 124, 131
11 (E.D.N.Y. 2004) (indicating where the Court is asked to decide purely
12 legal issues many of the transfer factors generally considered "are of
13 no moment").

14         The Court must afford some deference to the plaintiff's
15 choice of forum.  <u>Sec. Investor Prot. Corp. v. Vigman</u>, 764 F.2d 1309,
16 1317 (9th Cir. 1985).  However, "plaintiff's choice of forum 'is
17 entitled to only minimal consideration' when 'the forum of original
18 selection . . . has no particular interest in the parties or the
19 subject matter.'"  <u>Gemini Capital Group, Inc. v. Yap Fishing Corp.</u>,
20 150 F.3d 1088, 1091 (9th Cir. 1998) (quoting <u>Pac. Car & Foundry Co. v.</u>
21 <u>Pence</u>, 403 F.2d 949, 954 (9th Cir. 1968)); <u>see also</u> <u>Saleh v. Titan</u>
22 <u>Corp.</u>, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("numerous courts
23 have given less deference to the plaintiff's choice of forum where the
24 action has little connection with the chosen forum" and compiling
25 cases).  Similarly, "[t]he degree to which courts defer to the
26 plaintiff's chosen venue is substantially reduced where the
27 plaintiff's venue choice is not its residence . . . ."  <u>Fabus Corp. v.</u>
28 <u>Asiana Exp. Corp.</u>, 2001 WL 253185, at *1 (N.D. Cal. 2001).

Boeing's choice of forum is entitled to little deference because Boeing is not a resident of this district and the subject matter of the lawsuit, the Santa Susana Field Laboratory, is located in the Central District.  The only relationship this suit bears to the Eastern District is that the named defendant, Maviar Movassaghi, Director of the California Department of Toxic Substances Control, maintains his office in Sacramento.  See, e.g., Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993) ("By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere.").  However, the Department has offices "throughout the state" including two offices in the Central District.  (Movassaghi Decl. ¶ 5.)  Here, Boeing has chosen a forum that is virtually unconnected to the controversy in the Central District involving Santa Susana that ultimately resulted in the passage of SB 990.  Further, should "remediation" be  required under SB 990 that would occur in the Central District.   Since Boeing's chosen forum lacks any meaningful ties to Santa Susana and the residents that could be impacted by decisions involving the Santa Susana, Boeing's "choice of forum is . . . far from dispositive . . . ."  Airport Working Group of Orange County v. U.S. Dep't of Defense, 226 F. Supp. 2d 227, 231 (D.D.C. 2002).

"There is a localized interest in having localized controversies decided at home." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947) ; see also, e.g., Citizens Advocates for Responsible Expansion v. Dole, 561 F. Supp. 1238, 1239 (D.D.C. 1983) (finding that the interests of "justice require that . . . localized controversies should be decided at home"); Envtl. Def. v. U.S. Dep't of Transp., 2007 WL 1490478, at *4 (D.D.C. 2007) (transferring action to Maryland

1 because dispute centered on highway in Maryland land and local
2 interests most significantly affected).  Further, "[c]ourts have
3 observed that environmental cases often provide a particularly strong
4 basis for finding a localized interest in the region touched by the
5 challenged action." Sierra Club v. U.S. Dep't of State, 2009 WL
6 3112102, at *3 (N.D. Cal. 2009); Kempthorne, 2007 WL 2023515, at *6
7 (transferring case to District of Alaska because "none of the
8 operative facts occurred within this district and the challenged [Fish
9 and Wildlife Service] decision . . . [approving] industrial oil and
10 gas exploration, development, and production activities in Alaska is
11 one in which Alaska and its residents have a great interest");
12 Hawksbill Sea Turtle v. FEMA, 939 F. Supp. 1, 3 n.5, 4 (D.D.C. 1996)
13 (transferring Endangered Species Act case to District Court of the
14 Virgin Islands due to, inter alia, "the regional nature of the
15 dispute" and "the importance of allowing local citizens to attend and
16 observe the proceedings of th[e] case").  Courts have also transferred
17 actions intra-state when the localized interests weigh strongly in
18 favor of transfer.  See, e.g., Backcountry, 2010 WL 2349194, at *1
19 (transferring case from Eastern District to Southern District of
20 California because there was "little, if any, nexus between the claims
21 alleged and the Eastern District" and there was a "very substantial
22 connection[]" with the Southern District, therefore "transferring the
23 action . . . best serve[d] the interests of justice"); Jaco Envtl.
24 Inc. v. Appliance Recycling Ctrs. of Am., Inc., 2007 WL 951274, at *3
25 (N.D. Cal. 2007) (transferring case from Northern District to Central
26 District of California after finding, inter alia, local interests
27 weighed in favor of transfer).
28

1    Defendant argues that the component of the "public factor[]
2  bearing on" having "localized controversies decided at home" favors
3  transfer. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)
4  (citing Gilbert, 330 U.S. at 509). Defendant offers in support of
5  transfer the declaration of Rick Braush, Legislative and Policy
6  Director at the California Department of Toxic Substances Control, in
7  which Braush declares that a June 9, 2010 internet search found over
8  100 articles relating to the Santa Susana Field Laboratory in
9  newspapers published in the Central District over an almost four-year
10 period. (Brausch Decl. ¶¶ 3, 4.) In contrast, Brausch declares his
11 "search of articles relating to the Santa Susana Field Laboratory in
12 the Sacramento Bee yielded no results whatsoever." (Id.) This
13 indicates that "the public interest in avoiding litigation in a
14 community unrelated to it, and in having localized controversies
15 decided at home," weighs heavily in favor of transfer. Altman v.
16 Cent. of Georgia Ry. Co., 254 F. Supp. 167, 175 (D.D.C. 1965). "It is
17 of the very essence of forum non conveniens that a court may resist
18 imposition upon [it a case] . . . . where local concern in the
19 litigated matter is at best very remote." Id. (quotes and citation
20 omitted). In sum, this matter "epitomizes the principle that local
21 matters of acute interest should be decided locally." Backcountry,
22 2010 WL 2349194, at *5; see also 15 Charles Alan Wright, Arthur R.
23 Miller & Edward H. Cooper, Federal Practice and Procedure § 3854 (3d
24 ed. 2007) ("An additional reason for litigating in the forum that
25 encompasses the locus of operative facts is the local interest in
26 having local controversies resolved at home, especially in
27 environmental cases or other substantive matters involving land or
28 matters of local policy.").

**Conclusion**

For the stated reasons, this action is transferred to the United States District Court for the Central District of California. The Clerk of Court shall close this case.

Dated:  June 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge